■ VICTOR MEDINA et al., Respondents, v FEDERATION OF PUERTO RICAN ORGANIZATIONS OF BROWNSVILLE, INC., et al., Appellants. [618 NYS2d 1018] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about July 29, 1994, validating certain board meetings of defendant organizations, declaring plaintiff Medina to be the Executive Director of defendant organizations and directing elections to be held for the Board of Directors of defendant organizations, unanimously affirmed, without costs. This Court's stay of August 25, 1994, insofar as disbursements of funds are concerned, is continued until after the holding of elections and further order of Supreme Court, New York County.

The IAS Court properly rejected the various challenges to defendants' meetings at which plaintiff Medina was first suspended and then reinstated to the position of Executive Director, many of the claimed irregularities having been waived (see, Union Hosp. Assn. v Carty, 185 AD2d 787) and others involving practices that were defendants' normal way of conducting business . In upholding Medina's reinstatement, the court did not, as defendants' claim, issue a mandatory injunc-

tion but merely refused to invalidate a Board resolution declaring him to be the officeholder.

While a court should not ordinarily interfere with the internal management and operation of a corporation *(Matter of Grace v Grace Inst.,* 19 NY2d 307, 313-314), the deadlock paralyzing defendants' Board rendered judicial intervention necessary. Elections, which were requested by all sides, were thus properly ordered, and the election plan carefully crafted by the court after numerous hearings and consultation with the parties was not an abuse of discretion. Concur—Sullivan, J. P., Rosenberger, Ellerin, Kupferman and Williams, JJ.